UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOBBIE JO BRAMLETT,<br><br>       Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>       Defendant. | Case No. C16-5418 RBL-BAT<br><br>**REPORT AND RECOMMENDATION** |

Bobbie Jo Bramlett appeals the ALJ's decision finding her not disabled. In a September 2014 written decision, the ALJ found at step-one that Ms. Bramlett last worked in August, 2012. At steps two and three, the ALJ found remote history of right lower extremity fracture with residual right knee osteoarthritis, avascular necrosis of the right hip status-post surgery, abscess of the cervical spine status post C4-5 fusion, depression and anxiety are severe impairments, and that these impairments do not meet the requirements of a Listed Impairment. With these impairments, the ALJ found Ms. Bramlett has the residual functional capacity ("RFC") to perform sedentary work subject to additional limitations. At step four, the ALJ found Ms. Bramlett has no past relevant work. At step five, the ALJ found Ms. Bramlett is not disabled because there are jobs that exist in significant numbers that she can perform. Tr. 14-22. The

Appeals Council denied review, making the ALJ's decision the Commissioner's final decision. Tr. 1-5. The rest of the procedural history is not essential to the resolution of the case and is therefore not discussed.

Ms. Bramlett contends the ALJ erroneously rejected (1) Brent Packer's M.D., opinion that she met the requirements of Listing 1.02A, and (2) her testimony. Dkt. 11 at 3.[1] She argues that based upon these errors, the Court should remand the case for an award of benefits. The Court agrees the ALJ harmfully erred but disagrees that benefits should be awarded at this point. Accordingly, for the reasons below, the Court recommends **REVERSING** the Commissioner's final decision and **REMANDING** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

**A.     Dr. Packer**

Reviewing doctor Brent Packer, M.D., opined Ms. Bramlett "[m]eets SSA listing 1.02A, with duration considered. SSA application is encouraged; due to young age and complexity, hearings level SSA review may be required." Tr. 654. At step three, the ALJ noted Dr. Packer "reviewed the medical evidence on July 10, 2014, opining there was merit for finding the claimant meets SSA listing 1.02A." Tr. 15. The ALJ, however, found Dr. Packer's opinion did not establish Ms. Bramlett met the requirements of Listing 1.02A, giving two reasons. First, the ALJ found:

> Dr. Packer felt unconfident in his assessment, remarking that due to the claimant's young age and the complexity of the case, a hearing level review may be required (Ex. 23F/1). In shifting the

---

[1] Plaintiff's opening brief violates the Court's scheduling order which requires plaintiff to list all errors, beginning on page one. *See* Dkt. 10. Counsel should note that future non-conforming briefs will be summarily stricken.

> decision making burden to this Administrative Law Judge, Dr. Packer has shown hesitancy and doubt in his medical assessment, and therefore his assessment is given limited weight.

*Id.* Ms. Bramlett argues the ALJ's reasoning is invalid because it is speculative and unsupported. Dkt. 11 at 4. The Commissioner argues Dr. Packer's opinion is equivocal, and the ALJ is not required to interpret the evidence in the light most favorable to Ms. Bramlett. Dkt. 12 at 4. The Court agrees with Ms. Bramlett.

The first sentence of Dr. Packer's opinion states that Ms. Bramlett "[m]eets SSA listing 1.02A, with duration considered." There is nothing ambiguous, equivocal or hesitant about this portion of the opinion. Instead it is a firm and unequivocal expression, not a hesitant expression such as "maybe meets the SSA listing." Additionally, the other portions of Dr. Packer's evaluation contain findings that suggest the doctor believed Ms. Bramlett was more limited than the ALJ found. *See* Tr. 657 (Claimant has marked limitations in her ability to perform routine tasks without supervision, and be aware of normal hazards and take appropriate precautions, and is limited to less than sedentary work.).

There is also nothing hesitant or doubtful about the second sentence of Dr. Packer's opinion: "SSA application is encouraged; due to young age and complexity, hearings level SSA review may be required." This language is quite straightforward. It directs that the impact of Ms. Bramlett's age and the complexity of the case needs further development through a hearing level SSA review. It does not suggest that Ms. Bramlett does not meet the requirements of Listing 1.02A, and that the ALJ should find Ms. Bramlett not disabled **without** further development. The ALJ accordingly erred in two ways. First the ALJ rejected the doctor's Listing opinion as hesitant and doubtful where the record shows otherwise. And second, the ALJ failed to fulfill his duty to further develop the record on a critical matter. *See Brown v. Heckler*,

713 F.2d 441, 443 (9th Cir.1983) (ALJ in a social security case has an independent duty to fully and fairly develop the record); *see also Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (ALJ's duty to develop the record is triggered if the record before the judge is ambiguous or inadequate to allow for proper evaluation of the evidence).

The Court is mindful that the ALJ is charged with evaluating the medical evidence, *Andrews v.* Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995), and is not required to accept the opinion of a doctor.  However, the uncontradicted opinions of medical doctors may only be rejected for clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  An ALJ may reject the controverted opinions of a physician only by providing specific and legitimate reasons that are supported by the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  An ALJ does this by setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation of the facts and evidence, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  The ALJ must do more than offer his conclusions; he must also explain why his interpretation, rather than the treating doctor's interpretation, is correct. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).  The ALJ, here, failed to provide clear and convincing or specific and legitimate reasons to reject Dr. Bramlett's Listing opinion and accordingly erred.

Although the ALJ erred in this regard, the record is not sufficiently developed to grant Ms. Bramlett an award of benefits as she requests.  As discussed above, Dr. Bramlett's opinion that Ms. Bramlett met the Listings contained an important qualification:  that the issue of her age and the complexity of the case should be developed further.  Given the doctor's opinion, an award of benefits at this junction would be inappropriate.  Perhaps additional development will establish that Ms. Bramlett meets the requirements of Listing 1.02A, or perhaps not.  But this is a

determination that can only be made with further development of the record.

The ALJ also rejected Dr. Packer's opinion on the grounds that Ms. Bramlett failed to appear at the hearing before the ALJ and provide testimony with "respect to the severity of her present day level of pain and functional limitation." Tr. 15. The Commissioner does not defend the ALJ's reasoning, which the Court finds is invalid. As discussed above, if the ALJ was unclear about the severity of Ms. Bramlett's pain and functional limitations, he should have subpoenaed Dr. Packer, or submitted questions to the doctor, or kept the record open to allow supplementation of the record, rather than simply render a decision based upon a lack of information or testimony from the claimant.

And lastly, the Court notes that the Commissioner claims the medical record does not support Dr. Packer's opinion that Ms. Bramlett meets Listing 1.02A. The ALJ did not reject Dr. Packer's opinion on the basis that it was inconsistent with or unsupported by the medical evidence. The Commissioner's argument is therefore an improper post-hoc rationalization that this Court cannot rely on to affirm the ALJ. *See Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001). The Court reviews the ALJ's decision "based on the reasoning and findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225 (9th Cir. 1995).[2]

**B.    Ms. Bramlett's testimony**

Ms. Bramlett contends the ALJ erred in evaluating her credibility by failing "to support his reasoning with any explanation." Dkt. 11 at 5. She is correct. Where, as here, there is no evidence of malingering, an ALJ must provide specific, clear and convincing reasons for

---

[2] The Commissioner claims Ms. Bramlett also argues the ALJ failed to discuss a post-operative treatment note. Dkt. 12 at 1. Ms. Bramlett did not list this as an issue, Dkt. 11 at 3; in any event, Ms. Bramlett's conclusory remark about this note is not a sufficient basis for relief. *Id.* at 5.

REPORT AND RECOMMENDATION - 5

1  rejecting a claimant's testimony. *Molina v. Astrue,* 674 F.3d 1104, 1112 (9th Cir. 2012); *accord*

2  *Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014).  "In weighing a claimant's credibility, the

3  ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or

4  between his testimony and his conduct, his daily activities, his work record, and testimony from

5  physicians and third parties concerning the nature, severity, and effect of the symptoms of which

6  he complains." *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).  However,

7  generalized, conclusory findings do not suffice.  *See Moisa v. Barnhart*, 367 F.3d 882, 885 (9th

8  Cir.2004) (the ALJ's credibility findings "must be sufficiently specific to allow a reviewing court

9  to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not

10  arbitrarily discredit the claimant's testimony") (internal citations and quotations omitted);

11  *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir.2001) (the ALJ must "specifically identify

12  the testimony [the ALJ] finds not to be credible and must explain what evidence undermines the

13  testimony"); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir.1996) ("The ALJ must state

14  specifically which symptom testimony is not credible and what facts in the record lead to that

15  conclusion."); see also Social Security Ruling 96–7p.

16       The ALJ fell far short of meeting these standards by failing to provide any reason to

17  reject Ms. Bramlett's testimony.  The Commissioner does not disagree but contends the Court

18  should nonetheless affirm the ALJ because the ALJ discussed the medical evidence and the

19  medical evidence does not establish that Ms. Bramlett was disabled; Ms. Bramlett did not appear

20  and testify at the hearing before the ALJ; and the ALJ commented that he gave Ms. Bramlett the

21  benefit of the doubt that some of mental conditions continued despite the lack of current medical

22  records.  Dkt. 12 at 7-9.  The Court rejects the Commissioner's arguments because they rest on

23  the notion that the ALJ may reject a claimant's testimony without giving clear and convincing

REPORT AND RECOMMENDATION - 6

1  reasons.  The Commissioner in fact claims that the Court must apply a deferential "substantial

2  evidence' standard, a standard that "does not require than ALJ's reasons be especially

3  compelling or convincing."  Dkt. 11 at 7, n.2.  The Court rejects this position as contrary to

4  binding circuit law.

5       Additionally, the fact the ALJ discussed the medical evidence is not a clear and

6  convincing reason to reject Ms. Bramlett's testimony.  The ALJ is always required to evaluate

7  the relevant medical evidence in all social security cases.  If an ALJ's evaluation of the medical

8  evaluation were sufficient to dispose of a claimant's testimony, many, if not all, decisions would

9  have no discussion of the claimant's testimony.  The ALJ's evaluation of the medical evidence

10 simply does not relieve the ALJ of the obligation to separately evaluate the testimony of a

11 claimant, and to either accept the claimant's testimony or reject it by giving clear and convincing

12 reasons.  That did not occur here.  And finally, the ALJ noted that Ms. Bramlett did not appear at

13 the hearing he conducted.  The ALJ does not explain how this undercuts Ms. Bramlett's

14 credibility or why her nonappearance relieved him of his obligation to properly evaluate the rest

15 of her testimony that was contained in the record.  Accordingly, Ms. Bramlett's non-appearance

16 is not a clear and convincing reason to find Ms. Bramlett not credible.

17 **C.     Scope of remand**

18      Ms. Bramlett argues the Court should reverse and remand the Commissioner's final

19 decision for an award of benefits, or in the alternative for further administrative proceedings.

20 Where the ALJ has committed reversible error, the Court has the discretion to remand for further

21 proceedings or to award benefits.  *See Marcia v. Sullivan,* 900 F.2d 172, 176 (9th Cir. 1990).

22 Only in rare circumstances should a case be remanded for benefits.  *See Treichler v. Colvin*, 775

23 F3d 1090, 1099 (9th Cir. 2014).  The Court may remand for an award of benefits where "the

record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari,* 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater,* 80 F.3d 1273, 1290 (9th Cir. 1996)).  If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded for further proceedings.  *McCartey,* 298 F.3d at 1076.   This is the case here.   Dr. Packer's opinion regarding Listing 1.02A indicates that further proceedings are needed to resolved issues related to Ms. Bramlett's age and the complexity of the case.  The record is also not fully developed because the ALJ did not evaluate Ms. Bramlett's testimony and the Court should not do so in the first instance.  Additionally, it would be appropriate to evaluate Ms. Bramlett's testimony following the proper development of the record, rather than before that development is completed.  The case should therefore be remanded for further administrative proceedings.

## CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision be **REVERSED** and the case be **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should using the five step disability determination process further develop the record consistent with Dr. Packer's opinion that Ms. Bramlett's age and the complexity of the case be considered in assessing whether she meets the requirements of Listed Impairment 1.02, and reassess Ms. Bramlett's testimony.

A proposed order accompanies this Report and Recommendation.  Any objection to this Report and Recommendation must be filed and served no later than **November 8, 2016.**  If no objections are filed, the Clerk shall note the matter for November 11, 2016, as ready for the Court's consideration.  If objections are filed, any response is due within 14 days after being

served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections and responses shall not exceed ten pages. The failure to timely object may affect the right to appeal.

DATED this 25th day of October, 2016.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge